E. BRYAN WILSON
Acting United States Attorney

DANIEL DOTY
Assistant United States Attorney
Federal Building & U.S. Courthouse
101 12th Avenue, Room 310
Fairbanks, Alaska 99701
Phone: (907) 456-0245
Fax: (907) 456-0577
Email: daniel.doty@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINCE JAY DELIGUIN,<br><br>Defendant. | No. 4:21-cr-00024-RRB-SAO<br><br>**PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count(s) of the Indictment in this case: 1 - Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The defendant agrees pursuant to U.S.S.G. § 1B1.2(a) and (c) that the factual basis detailed below would have supported conviction for additional offenses under state and federal law, including but not limited to Coercion of a Minor in violation of 18 U.S.C. § 2422(b) and Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5).

The United States agrees not to prosecute the defendant further for any other offense – now known – that is related to the event(s) described in the factual basis below.

The defendant will waive all rights to appeal the conviction(s) and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction(s) and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea(s).

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea(s) if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO　　　　　Page 2 of 20
　　　　Case 4:21-cr-00024-RRB　Document 39　Filed 02/03/22　Page 2 of 20

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**1. The defendant agrees to plead guilty to the following count(s) of the Indictment:**

Count 1: Production of Child Pornography, a violation of 18 U.S.C. § 2251(a)

### B. Elements

The elements of the charge(s) in Count 1 to which the defendant is pleading guilty are as follows:

1. At the time, the victim was under the age of eighteen years;

2. The defendant employed, used, persuaded, induced, enticed, or coerced a minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. The visual depiction was transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce.

   A "minor" is any person under the age of 18 years.

   "Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO        Page 3 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 3 of 20

## C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment, the FBI Special Agent Lisa Watson's affidavit in support of the complaint (Dkt. 1-1), and the following statement, and the parties stipulate that the Court may rely upon these admissions to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

In summary, the defendant created Snapchat account for a fake person, used the account to coerce nude photos from a minor victim under false pretenses, extorted the minor victim into engaging in oral sex on three separate occasions, video recorded each of the three sex acts, and attempted to extort the minor victim into engaging in sex a fourth time.

In late April of 2021 Deliguin used a fake Snapchat profile he had created for a young woman he dubbed "Marley Madden" to contact a fifteen-year-old boy, "Victim 1." Posing as "Madden,"[1] Deliguin requested that Victim 1 send nude photos. Victim 1 believed Madden to be a real person and sent the requested photos.

Shortly after, "Madden" told Victim 1 to meet her at a park for oral sex. When Victim 1 tried to decline, "Madden" threatened to release the nude photos to the victim's family and friends.

---

[1] Where the defendant contacted Victim 1 through social media profiles and phone numbers posing as Marley Madden, "Madden" will be used in this factual basis. Where he contacted Victim 1 directly, he will be referred to by name.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO     Page 4 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 4 of 20

Victim 1 then gave in to the pressure and went to the park, where he found Deliguin waiting for him. Victim 1 already recognized Deliguin: Deliguin, who was 19 years old, had recently graduated from Victim 1's high school and was an equipment manager on Victim 1's high school volleyball team. Deliguin gave Victim 1 oral sex and recorded the encounter with his cellular phone. He told Victim 1 that the recording was "proof for Marley."

"Madden" contacted Victim 1 again in early May and told him to meet Deliguin at the park again. "Madden" threatened to release the video of the first sex act if Victim 1 did not comply. Victim 1 went to the park, where Deliguin performed oral sex on Victim 1 for a second time. Deliguin video recorded the act.

"Madden" contacted Victim 1 for a third time in mid-May, and once again ordered Victim 1 to meet with Deliguin to engage in sex. "Madden" assured Victim 1 that this would be the last time, and that if Victim 1 did what "Madden" asked the pictures and videos would go away. Victim 1 met Deliguin, who drove him to another location and performed oral sex on Victim 1 for a third time. Deliguin recorded this encounter as well.

A few days later, "Madden" contacted Victim 1 by Facebook and demanded that he have sex with Deliguin. Victim 1 understood "Madden" to be referring to anal intercourse. He refused, at which point "Madden" told Victim 1 that "Madden" would be satisfied if Victim 1 and Deliguin did "the same as last time," meaning oral sex. At this point Victim 1 informed his mother what was going on, and they reported the abuse to the Alaska State Troopers.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO          Page 5 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 5 of 20

Under the supervision of the Troopers, Victim 1 arranged to meet with Deliguin a fourth time to have oral sex as "Madden" was requesting. The Troopers went to the pre-arranged meeting spot and found Deliguin waiting in his car.

Deliguin claimed that he, too, was a victim of Madden's extortion. This was not true. Deliguin created the Snapchat and Facebook profiles for Madden. "Madden" never existed, and all communications from social media accounts posing as "Madden" were actually sent by Deliguin.

**D.    Statutory Penalties and Other Matters Affecting Sentence**

**1.    Statutory Penalties**

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 2251(a) (Production of Child Pornography)

1) 15 years (mandatory minimum) to 30 years imprisonment;

2) a $250,000 fine;

3) a $100 special assessment

4) a $5,000 special assessment under the Justice for Victims of Trafficking Act (JVTA); and

5) 5 years (mandatory minimum) to lifetime supervised release.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO            Page 6 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 6 of 20

### 2. Other Matters Affecting Sentence

#### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C.§ 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

#### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

#### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare, or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO            Page 7 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 7 of 20

right to hold public office, and the right to sit on a jury.  If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General.  In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

E. **Restitution**

The parties have no agreement on restitution.  However, the defendant agrees that his conduct is governed by the Mandatory Restitution Act pursuant to 18 U.S.C. § 3663A(c)(1)(A)(ii) and agrees to pay the full amount of restitution to all victims affected by this offense, including, but not limited to, the victims covered in the factual basis, victims covered in those counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), and other victims as a result of the defendant's conduct for the offenses charged in the Indictment.

F. **Sex Registration / DNA Testing**

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d).  Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life.  The defendant understands that he shall keep his registration current, shall notify the state sex offender

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO            Page 8 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 8 of 20

registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall initially register with the state sex offender registration in Alaska and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

### III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

#### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO        Page 9 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 9 of 20

pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of Responsibility

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two-level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1 or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO    Page 10 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 10 of 20

The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553. The defendant agrees not to seek a sentence of less than the mandatory minimum of 180 months (15 years).

### D. Conditions of Supervised Release

The parties agree that the following Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate, shall be applied in this case:

#### 1. Pornography Prohibition

The defendant shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

#### 2. Sexual Disorders Treatment

The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

#### 3. No Unsupervised Contact with Minors

The defendant shall not have any unsupervised contact with any minor child unless the contact has been disclosed to and approved by the probation officer. In

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO          Page 11 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 11 of 20

determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

### 4. Consent to Searches

The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and Internet enabled devices, whenever the probation officer had a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

### 5. Computer Monitoring

The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s), cellular telephones, electronic devices, and any hardware or software, systems to monitor his use of these items. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s), phones, and electronic devices. To promote the effectiveness of this monitoring, the defendant shall disclose in advance of

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO    Page 12 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 12 of 20

its use all cellular phones, electronic devices, computers, and any hardware to the Probation Officer and may not access or use any undisclosed equipment.

### 6. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understands that if he commits any felony offense under Chapter 109A, 110, or 117, or section 1201 or 1591 of Title 18 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) and (k) without regard to the exceptions contained therein.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea(s) and the Court's acceptance of the defendant's plea(s) and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea(s) or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO           Page 13 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 13 of 20

and false statements. The defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

V. **WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410**

   A. **Trial Rights**

Being aware of the following, the defendant waives these trial rights:

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

- The right to object to the composition of the grand or trial jury;

- The right to plead not guilty or to persist in that plea if it has already been made;

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary, to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO        Page 14 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 14 of 20

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

- The right to contest the validity of any searches conducted on the defendant's property or person.

B. **Appellate Rights**

The defendant waives the right to appeal the conviction(s) resulting from the entry of guilty plea(s) to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction(s) and guilty plea[s], including arguments that the statute(s) to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea[s] of guilty.

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO			Page 15 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 15 of 20

The defendant agrees that the appellate and collateral attack waivers contained within this agreement will apply to any 18 U.S.C. § 3582(c) modifications, as well as the district court's decision to deny any such modification.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

### C. Collateral Attack Rights

The defendant agrees to waive all rights to collaterally attack the resulting conviction(s) and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea(s).

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO                Page 16 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 16 of 20

that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Federal Rule of Criminal Procedure 11(f) and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Vince Jay Deliguin, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea(s). There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea(s).

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO            Page 17 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 17 of 20

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done, or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense(s) to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea(s). I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be

U.S. v. Vince Jay Deliguin
4:21-cr-00024-RRB-SAO　　　Page 18 of 20
Case 4:21-cr-00024-RRB   Document 39   Filed 02/03/22   Page 18 of 20

revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea(s). My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute(s) applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 1 - Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) of the Indictment.

DATED: 01 | 12 | 2022

VINCE JAY DELIGUIN
Defendant

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge(s) to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 2/2/2022

STEVEN WELLS
Attorney for Vince Jay Deliguin

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 2/3/2022

Daniel Doty
for
E. BRYAN WILSON
United States of America
Acting United States Attorney