Steven M. Wells
Steven M. Wells, P.C.
431 W. 7th Ave.
Ste. 107
Anchorage, AK 99501
(907)279-3557
(907)279-3558 fax
steve@alaskalegaldefense.com

Attorney for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| United States of America, | Case No. 4:21-cr-024-RRB |
|---|---|
| Plaintiff, | |
| v. | Sentencing Memorandum |
| Vince Deliguin, | |
| Defendant. | |

    Vince Deliguin, accused, hereby submits the following memorandum to aid this court in fashioning an appropriate sentence.

    This matter is an odd case. Mr. Deliguin is convicted of serious charges. Yet the conduct involved in this case falls far outside the heartland of offenses. This case admittedly involves a minor victim. Yet Mr. Deliguin was barely older than the victim himself. This case involves manufacturing child pornography. The recording, though, was far from the typical material produced in these cases. Mr. Deliguin did not share any

videos. He did not trade any videos. He did nothing with the videos except keep them on his phone. In this way, Mr. Deliguin's recording is not substantially different from the millions of selfie videos taken by teenagers every day. Legally, it is significantly different. But the motivation for Mr. Deliguin to record these events was more like a teenager video-taping himself than the typical producer of child pornography.

Mr. Deliguin's coercion is admittedly punishable and Mr. Deliguin does not seek to minimize that conduct. But his coercion stems from his youth, his immaturity, his sexuality, and his residence in a small, isolated Alaska town. This court should sentence Mr. Deliguin to 180 months, the minimum set by Congress, followed by a length period of supervised release to ensure that Mr. Deliguin has indeed learned from these events.

1. GUIDELINE ANALYSIS

Mr. Deliguin does not dispute the Guideline analysis as presented in the pre-sentence report. However, the Guidelines paint a mis-leading picture of this event. For example, the Guidelines start with an extremely high level because the victim in the case was a minor. The pre-sentence report spends a great deal of time pointing out that the victim was fifteen.

Yet Mr. Deliguin was eighteen when these events happened. Under Alaska law, because less than four years separated the ages of Mr. Deliguin and the victim, any consensual conduct would have been legal.[1] Alaska's minimum age for statutory-rape/sexual abuse of a minor statutes is generally sixteen (16) but Alaska statutes make an explicit exception when the victim is not "at least four years younger than the offender."[2]

This law is common sense. While we as society wish to protect our kids, we also understand that kids will be kids. And we reasonably anticipate that as our kids go through puberty and adolescence, much of their psychological, sociological, and even sexual development will involve people in their same age group. This is absolutely normal.

---

[1] See Pre-Sentence Report, Docket 45, ¶15. Mr. Deliguin was born in January, 2002. This offense occurrect in 2020, so Mr. Deliguin was 18 and in high school. The victim was 14 and in high school so he was within the 4 years anticipated by Alaska statutes.
[2] AS 11.41.436(a)(1).

*United States v. Vince Deliguin*
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 2 of 10

Mr. Deliguin was in high school when he sought out the victim, who was likewise in high school. This case, then, does not involve someone who preys upon minors but instead someone who is barely beyond behind a minor himself.

The State of Alaska recognized this when it initially charged Mr. Deliguin. This matter initially arose in state court and the State of Alaska did not charge Mr. Deliguin with sexual abuse of a minor in the second degree. In fact, the only way the State could charge Mr. Deliguin wish a charge of sexual abuse of a minor was to allege that Mr. Deliguin was in a "position of authority" because he was an assistant manager to the volleyball team.³ The difficult for the State of Alaska was that the assistant manager to the volleyball team had no authority. Rather, the position involved maintaining equipment, keeping records during volleyball games, and arranging travel for the team. Oddly, if Mr. Deliguin had not recorded the occasions on his iPhone camera, Mr. Deliguin would likely be facing low-level felonies, like coercion, in state court.

In sum, Mr. Deliguin does not object to the Guideline calculation but that calculation should be given very little weight.

2. OBJECTIONS TO PRE-SENTENCE REPORT

Mr. Deliguin has no objections to the pre-sentence report.

3. 3553(A) FACTORS

Finally, 18 U.S.C. §3553(a) requires this court to consider a variety of factors before imposing a sentence that is sufficient but not greater than necessary. The mandatory minimum in this matter is fifteen years, one-hundred eighty months. That is an appropriate sentence in this case.

3.1 MR. DELIGUIN'S FIRST CONVICTION

---

³ See AS 11.41.434(a)(3)(prohibiting sexual penetration by someone over the age of 18 of someone under the age of 16 when the offender "occupies a position of authority in relation to the victim.")

United States v. Vince Deliguin
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 3 of 10

To start, this case is Mr. Deliguin's first conviction. Granted, that is not always grounds for a sentence reduction but several courts have recognized that a negligible criminal history is grounds for a reduced sentence.[4] Mr. Deliguin has never been in legal trouble with the law previously, in part because he is such a young offender himself. Courts have repeatedly found that a lengthy sentence is not necessary to deter someone who has never before been incarcerated because a first time offender is more readily deterred than a subsequent offender.

Of course, it should not be a surprise that this is Mr. Deliguin's first conviction. He is quite young. Also, as demonstrated by the pre-sentence investigation and the anticipated letters of support filed in conjunction with this memo, Mr. Deliguin has led an otherwise exemplary life.

He has as good of a work history as one might expect given his age. He is generally a productive member of society. Several courts have recognized that an exemplary life is a valid reason to reduce any prison sentence,[5] so Mr. Deliguin's exemplary life is a reason for this court to not impose any incarceration above the agreed upon minimum.

---

[4] See *U.S. v. Paul*, 2007 WL 2384234 (9th Cir. 2007)(unpub.)(guideline sentence of 16 months (high end of guidelines) for taking government money was unreasonably high because defendant had no criminal record at all); *U.S. v. Baker*, 445 F.3d 987 (7th Cir. 2006)(affirming below guideline sentence of 87 months because a prison term would mean more to the defendant than someone who had previously been convicted in line with §3553's requirement that the sentence be "just punishment" and "adequate deterrence"); *U.S. v. Santoya*, 493 F.Supp.2d 1075 (E.D.Wisc. 2007)(upholding below guideline sentence in part because a longer prison sentence is not necessary to deter someone who had not previously served any jail time); *U.S. v. Willis*, 479 F.Supp.2d 927 (E.D.Wisc. 2007)(upholding sentence of one year and a day in a drug case even though guideline called for 120 month sentence (statutory maximum was 60 months) because defendant had never been in trouble before); *U.S. v. Qualls*, 373 F.Supp. 2d 873, 877 (E.D.Wisc. 2005)("Generally, a lesser period of imprisonment is required to deter a defendant not previous subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."); *U.S. v. Autery*, 555 F.3d 864 (9th Cir. 2009)(upholding probationary sentence for defendant convicted of possession of child pornography in part because defendant had no criminal history);

[5] *U.S. v. Autery,* 555 F.3d 864, 874 (9th Cir. 2009) (where defendant convicted of poss. of porn. and where guidelines 41-51 months, court's *sua sponte* variance to probation not unreasonable in part because of his positive characteristics "such as his having no history of substance abuse, no interpersonal instability, no sociopathic or criminalistic attitude , his motivation and intelligence, and he support of his wife and child" These characteristics 'undoubtedly constitute 'history and characteristic of the defendant' that justify a variance below the guidelines);*U.S. v. Santoya*, 493 F.Supp.2d 1075, 1981 (E.D. Wisc. 2007) (in cocaine distribution case where defendant career offender and guidelines 188-235months court imposes 138 months in part because defendant "has significant positives in his character and background as evidenced by the letter from his family and fiancé which the guidelines did not take into account and because the judge is "permitted to consider the entirely of the defendant's background and character, not just the negatives reflected in his criminal history");*U.S. v. Wachowiak*, 412 F.Supp.2d 958, 965 (E.D. Wisc. 2006) *aff'd* 496 F.3d 744 (7th Cir. 2007), abrogated on other grounds by *Nelson v. United States*, 550 U.S. 350 (2009)

### 3.2 Mr. Deliguin Does Not Fit The Profile of a Pedophile

The Ninth Circuit upheld a probationary sentence for a defendant convicted of possession of child pornography in part because the defendant did not fit the profile of a pedophile.[6] Specifically, the court on its own found that the defendant did not fit the profile of a pedophile. The defendant had numerous "redeeming personal characteristics: no history of substance abuse, no 'interpersonal instability,' no 'sociopathic or criminalistics attitudes,' and that he was motivated and intelligent. The court thought it critical that Autery enjoy[ed] the continuing support of his wife and children."[7] The District Court found "that there was no evidence of Autery's ever abusing family members," and these facts "made Autery 'totally different than what ...[the] court has normally experienced with people who are ordering this sort of child pornography."[8]

All of those factors apply equally to Mr. Deliguin. Mr. Deliguin has no history of substance abuse. He comes from a loving, stable family and he continues to enjoy the support of his parents and siblings. He is motivated and intelligent. He did not abuse any relatives.

Mr. Deliguin likewise does not fit the profile of a pedophile. Even though the victim was under-age, Mr. Deliguin's focus upon the victim was not motivated by the victim's age but because of Mr. Deliguin's own age. Put another way, it is normal for high school students to be sexually attracted to other high school students so Mr. Deliguin's interest in other high school students is not nearly as concerning as if Mr. Deliguin were, say, thirty-five (35). A review of the discovery showed that Mr. Deliguin made overtures to other males who were in his age range, several of whom were over the age of eighteen. Mr. Deliguin's focus, then, was on males that were his own age, not on minors.

---

(where 24 year old music student convicted of possessing child pornography, and guidelines 121-151 months, and where he is in treatment and low risk of recidivism, and strong support from family, court imposes 70 months in part because "the guidelines failed to consider defendant's otherwise outstanding character, as depicted in the many supportive letters... while § 3553(a)(1) requires the court to consider the character of the defendant, the guidelines account only for criminal history. In cases where the defendant led an otherwise praiseworthy life, the court should consider a sentence below the advisory range (citations omitted)."

[6] *U.S. v. Autery, supra* note 2.
[7] *Id.* at 868.
[8] *Id.* at 867-868.

There are several facts "missing" from Mr. Deliguin's case: a search of his electronic devices did not recover any other images of child sexual exploitation; Mr. Deliguin never downloaded any other child pornography; Mr. Deliguin never visited any chat rooms to discuss this with any other person; Mr. Deliguin never uploaded or traded his images. Rather, like many people his age, Mr. Deliguin apparently just recorded something on video for his own use, not for anything else. These circumstances are frequently found in typical production of child pornography cases. Their lack here demonstrates that Mr. Deliguin does not fit the profile of a pedophile.

Under these circumstances, if Mr. Autery did not "fit the profile of a pedophile", neither did Mr. Deliguin. And if was appropriate to lessen Mr. Autrey's punishment because he did not fit the profile of a pedophile, it is appropriate to lessen Mr. Deliguin's punishment as well.

### 3.3 A Lengthy Prison Sentence Impairs Rehabilitation

Numerous courts have recognized that lengthy prison sentences are counter-productive.[9] Lengthy prison sentences for non-violent offenses, particularly when a

---

[9] *U.S. v. Stall,* 581 F.3d 276 (6th Cir. 2009)(in child porn. case where guidelines 57-65 months, court's sentence of 1 day in jail, 10 years supervised release, and one year house arrest, not unreasonable in part because of strong testimony by expert as to defendant's mental state, ongoing therapy, and unlikely chance of recidivism, and that imprisonment would interrupt course of treatment); *U.S. v. Olhovsky,* 562 F.3d 530 (3d Cir. 2009)(where defendant convicted of possession of porn., district court's below-guideline sentence of 72 months unreasonably high in part because the record did not reflect the reasons for the court's " believing that treatment in prison would "provide . . .correctional treatment in the most effective manner" [as required by 18 U.S.C. § 3553(a)(2)(D)] despite [treating psychologist's] opinion to the contrary" and that in prison defendant "would just regress terribly."); *U.S. v. Autery, supra* note 2; *U.S. v. Duhon*, 541 F.3d 391 (5th Cir. 2008) (where defendant convicted of possession of child porn and guidelines 33-40 months, district court's sentence to probation reasonable in part "Because of the district court's strong emphasis on [Duhon's] general need for treatment"); *U.S. v. Cherry*, 487 F.3d 366 (6th Cir. 2007) (where defendant convicted of possessing child pornography and guideline range was 210-262 months, sentence of 120 months (43% variance from guidelines) was proper in part because defendant wanted to continue counseling and treatment but nothing available in prison); *U.S. v. Collington*, 461 F.3d 805 (6th Cir. 2006) (in drugs and gun case where guidelines 188 -235, sentence of 120 months affirmed in part because "a 120 month sentence is sufficient enough to reflect the crimes committed while allowing for the possibility that Collington may reform and after his release from prison, when he is in his mid-thirties, may go on to a productive life in society."); *U.S. v. Thompson*, 315 F.3d 1071 (9th Cir. 2002) (Berzon, J. concurring) (although district court erred in departing downward on ground that D's conduct outside heartland of possession of child porn guideline, district court should consider departure to allow D to enter sex treatment

United States v. Vince Deliguin
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 6 of 10

defendant is not likely to commit further offenses, serve no good purpose. One judge has written that federal sentences "are all too often bone-crushingly severe."[10] The statute requires a lengthy sentence in this case but there is no reason to go beyond what the statute requires.

Mr. Deliguin was nineteen years old when he was arrested. If he is sentenced to fifteen years, he would be thirty-four years old when he gets out of prison. That means he will have spend forty-four percent (44%) of his life in prison. That is a lengthy prison sentence no matter how one views it.

### 3.4 Mr. Deliguin Was A Youthful Offender

Our courts recognize that "youth is more than a chronological fact. It is a time and condition of life when a person may be the most susceptible to influence and psychological damage."[11] As we have learned more about our species' growth and development, courts have come to view youth as a substantial and mitigating factor when youths are charged with crimes. The Supreme Court, relying upon information regarding how juveniles' brains develop, ruled that because juveniles' brains are not fully developed and that their actions are frequently the result of impulses rather than careful thought, the death penalty was unconstitutional as applied to those under eighteen.[12]

In making this decision, the court noted that juveniles have "a lack of maturity and an underdeveloped sense of responsibility .... [that] result[s] in impetuous and ill-

---

in prison immediately, instead of waiting years in prison); *U.S. v. Jones*, 158 F.3d 492 (10th Cir. 1998) (where defendant pled guilty to possession of a firearm by a prohibited person, the district court did not abuse its discretion in departing downward by three levels when, as one of eleven factors, it considered that imprisonment would sever the defendant's access to rehabilitative counseling – one of the purposes of sentencing is "to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2)(D)); *U.S. v. Martin*, 827 F.Supp. 232 (S.D.N.Y. 1993) (district court departed downward from 48 to 30 months to enable D to be eligible for boot camp. Court found that boot camp might help the defendant make a clean break with former lifestyle and departure proper if boot camp provided the best hope of protecting the public, deterring misconduct and providing rehabilitation)

[10] Bennett, Mark W., *Addicted to Incarceration: A Federal Judge Reveals Shocking Truths About Federal Sentencing and Fleeting Hopes for Reform* (April 4, 2018). Available at SSRN: https://ssrn.com/abstract=3156250 (last visited on August 5, 2022).

[11] *Johnson v. Texas*, 509 U.S. 350, 367 (1993).

[12] *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183 (2005).

United States v. Vince Deliguin
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 7 of 10

considered actions and decisions."[13] The court also relied upon evidence that the character of a juvenile is not as fixed as that of an adult.[14] For these reasons, crimes committed by juveniles do not indicate a person's character like crimes committed by adults.

This is primarily why the sentencing suggestion from the probation officer is ill-founded. The pre-sentence report writer notes that recently a defendant in this court was sentenced to 330 months for production of child pornography.[15] But the pre-sentence report writer omits one very crucial difference between Mr. Asino and Mr. Deliguin: Mr. Asino was more than 30 years old when he preyed upon several high school students.

The pre-sentence report notes that the average prison sentence was 245 months and the mean was 240 months. Mr. Deliguin's age is a substantial reason to justify a lower sentence than the mean or the average in this case. His age justifies the 180 month sentence he seeks.

### 4. Restitution

Applicable statutes require AVVA payment of $3,000 and JVTA payment of $5,000. Mr. Deliguin does not really have the capacity to pay either of those but he does not object since they are set by statute.

### 5. Conditions of Supervised Release

The pre-sentence report makes several recommendations that are just not called for in this case: that Mr. Deliguin have no contact with anyone under the age of 18 without approval by the probation officer; that he not seek employment, engage in leisure activities or loiter near places designed primarily for minors, such as schools, parks, and arcades; and that he not be employed in any capacity likely to cause him to come into unsupervised contact with children.[16]

---

[13] *Id.* at 569, 1195.
[14] *Id.* at 570, 1195.
[15] Pre-Sentence Report, *supra* note 1, p. 2, citing *U.S. v. Asino*, 3:19-cr-0138-JMK.
[16] Docket 45, supervised release proposed conditions 4, 5 and 6.

United States v. Vince Deliguin
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 8 of 10

These provisions could well be appropriate for a person who had possessed child pornography depicting pre-pubescent persons but they are not appropriate here because: 1) Mr. Deliguin did not possess any child pornography other than videos of his own activities; 2) Mr. Deliguin did not possess any child pornography of pre-pubescent children; 3) Mr. Deliguin's conduct was not motivated because the victim was a minor but because Mr. Deliguin was in high school like the victim was in high school.

Mr. Deliguin wants to go through sex offender treatment, so he does not object to that requirement. He does not object to probation being able to review any computer to ensure his compliance.

### 6. Placement

Mr. Deliguin asks that he be placed at a facility that has a substantial sex offender treatment program and that houses sex offenders. This will minimize his risk of assault from other inmates.

### 7. Conclusion

This is admittedly a serious offense but looking only at the offense ignores several substantial reasons under 18 U.S.C. §3553(a) for a lesser prison sentence. Mr. Deliguin's conduct was motivated largely by his youthful impetuosity coupled with his sexuality while living in an isolated, Alaska town. If he had been in a community such as Seattle or Los Angeles, there would have been more gay young people and he would not have resorted to what he did in order to have romantic partners. There is no need to send him to prison for the next several decades to pay for impetuous, youthful indiscretions.

This court should sentence him to 180 months followed by a lengthy period of supervised release for the reasons discussed.

DATED this 5th day of August, 2022, at Anchorage, Alaska.

                                         Steven M. Wells, PC
                                         Attorneys for Defendant

                              By:    /s/ Steven M. Wells
                                         Steven M. Wells
                                         ABA #0010066

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the foregoing was served **electronically** this 5th day of August, 2022 on:

All Parties of Record

/s/ Steven M. Wells   .
Steven M. Wells, PC

*United States v. Vince Deliguin*
Case No. 4:21-cr-024-RRB
Sentencing Memorandum
Page 10 of 10