S. LANE TUCKER
United States Attorney

G. MICHAEL EBELL
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: Michael.ebell@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) No. 4:21-cr-00024-RRB-SAO |
| Plaintiff, | ) |
| vs. | ) |
| VINCE JAY DELIGUIN, | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through Assistant United States Attorney, G. Michael Ebell, hereby files this sentencing memorandum.

//

//

//

# GOVERNMENT'S SENTENCING RECOMMENDATIONS

| | |
|---|---|
| INCARCERATION | 330 months |
| SPECIAL ASSESSMENT | $100.00 |
| JVTA ASSESSMENT | $5,000.00 |
| RESTITUTION | $13,390.00 |
| FINE | N/A |
| SUPERVISED RELEASE | life |

## I. Introduction

The defendant appears for sentencing after being convicted of Count 1 of the Indictment, charging Production of Child Pornography in violation of 18 U.S.C. § 2251(a). After sentencing the government will move to dismiss counts 2 and 3, Coercion of a Minor and Possession of Child Pornography respectively, although the defendant has admitted his conduct would have supported conviction under both counts.

Given the seriousness of the defendant's conduct, the lasting harm to the victim, and the complete circumstances of this offense, the government recommends a United States Sentencing Guideline (U.S.S.G.) sentence of 330 months.

## II. Background

In April of 2021, Deliguin used a fake Snapchat profile to contact Victim-1, a fifteen-year-old boy. Using this fake account, Deliguin posed as a woman and convinced Victim-1 to send him nude photos. He used the photos to extort Victim-1 into engaging in oral sex. Deliguin video recorded that encounter and used that video to extort further encounters. He attempted to extort Victim-1 into engaging in anal sex with him but the victim refused and reported the abuse to his mother and the Alaska Troopers.

U.S. v. Deliguin
4:21-cr-00024-RRB-SAO

Deliguin was indicted for Production of Child Pornography, Coercion of a Minor and Possession of Child Pornography. On February 2, 2022 the defendant plead guilty to Count 1 – Production of Child Pornography and the United States agreed to dismiss counts 2 and 3 pursuant to a plea agreement.

### III. Sentencing Calculations

*a.   Statutory Minimum and Maximum Sentence*

The defendant plead guilty to Count 1 of the Indictment charging Sexual Exploitation of a Minor – Production of Child Pornography in violation of 18 U.S.C. § 2251(a). This crime has a mandatory minimum sentence of 15 years with a maximum of 30 years. The maximum fine amount is $250,000. The potential term of supervised release is 5 years to life. There is a $100 mandatory special assessment and $5,000 Justice for Victims of Trafficking Act assessment.

*b.   Guideline Calculation*

The United States agrees with the Presentence Report (PSR) calculation of an offense level of 40, and a Criminal History Category of I. The advisory U.S.S.G. range is therefore 292-360 months.

*c.   JVTA assessment*

18 U.S.C. § 3014 states that "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under . . . chapter 110 (relating to sexual exploitation and other abuse of children)." Chapter 110 includes 18 U.S.C. § 2251(a) for which the defendant is convicted. That statute is silent on how courts should determine a

defendant's indigent status. *See id.* However, simply qualifying for public counsel does not automatically make a defendant indigent for purposes of the JVTA assessment. *See United States v. Kelley,* 861 F.3d 790 (8th Cir. 2017) (finding no clear error in requiring assessment of defendant who qualified for public counsel); *United States v. Saair*, 737 Fed.Appx. 342 (9th Cir. 2018) (unpublished) (affirming the assessment imposed against a defendant who argued he was indigent due to public counsel).

The analysis of indigence for the application of this assessment is forward looking, i.e. the Court should consider a defendant's ability to pay prospectively. *See Kelley,* 861 F.3d at 801, *citing Strange*, 692 Fed.Appx. at 349. In *Strange* the Ninth Circuit found the district court "properly took into account that [defendant] was able-bodied." *Id.* The Eighth Circuit expanded on this reasoning in *Strange* where it found a fundamental difference between appointing counsel at the beginning of a case and assessing a fee during sentencing. *Id.* at 800. A court making a fee assessment should consider the defendant's health, work history, and future earning ability. *Id.* at 801.

Here, the defendant will still be of working age upon release from custody. There is no evidence to suggest he will be indigent for purposes of the JVTA and therefore the Court is required to impose the $5,000 assessment.

### IV. Statutory Sentencing Factors

In Title 18 U.S.C. § 3553(a), Congress instructed the sentencing judge to consider (1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing; (3) the sentences legally available; (4) the Sentencing Guidelines; (5)

Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

    *a.    Offense and offender characteristics*

This offense involved an intentional and ongoing scheme on the part of the defendant to extort and sexually abuse Victim-1. The conduct involves a variety of serious crimes, including direct sexual abuse of a minor. The defendant created a fake persona in order to target Victim-1 and created a cycle of creating child pornography in order to extort the victim into the creation of more child pornography. It is also clear that the conduct was escalating and would have continued to escalate until the victim reported it. The defendant attempted to extort anal sex from the victim prior to the crimes being reported. Deliguin is a young offender with no criminal history.

    *b.    Basic aims of sentencing*

        i.    <u>Seriousness of the offense and the need for a just punishment</u>

Deliguin's actions in this case are among the most serious proscribed by criminal law. He sexually abused a 15-year-old who will be forced to live with the trauma of this abuse for the rest of his life. The exploitation in this case is increased in seriousness because it involved in-person sexual abuse. The victim has declined to participate in this sentencing, but that declination appears to be motivated by a desire to gain as much distance as possible from the devastating harm caused by the defendant's actions.

The Victim-Witness Coordinator for the Anchorage United States Attorney's Office has been in contact with the victim's mother throughout this case. She reports that her son

does not want the defendant's name even mentioned and that counseling was incredibly difficult because it would bring back memories of the defendant's abuse, which he wants to forget. The mother reported that she breaks down when she hears Deliguin's name.

People who experience trauma like this can develop ongoing symptoms and PTSD. Per the National Institute of Mental Health (NIH), avoidance may be a symptom of a person who has gone through serious trauma. Avoidance symptoms can be triggered by any number of things, people or events. The victim and his mother declining participation in this case and discontinuing counseling are both examples of avoidance symptoms. This Court should consider this avoidance as an indication of the immense impact of the defendant's sexual exploitation and of the seriousness of this offense.

Deliguin's choices have forever harmed this family and, as a result, our community. Sentences for such serious crimes must be crafted to reassure that community that these actions result in the just punishment required by law.

      ii.      <u>Afford adequate deterrence</u>

Significant sentences in sexual exploitation cases communicate to other potential offenders the serious ramifications if they engage in these crimes. The recommended sentence of 330 months will serve this purpose.

      iii.      <u>Protect the public from further crimes by the defendant</u>

Protection of the public should be an important sentencing factor in this case. The defendant engaged in a series of escalating sexual extortion. His confinement will protect the public from potential crimes.

> iv. <u>Provide the defendant with needed educational or vocational training, and other care as needed.</u>

A period of supervised release will help transition him after his incarceration. He can also take advantage of programs while in custody.

c. *Kinds of sentences available and sentencing range*

The proposed sentence is in the middle of the guideline range and is sufficient but not greater than necessary to address the sentencing criteria.

d. *Sentencing Guidelines*

The PSR has calculated the defendant's sentencing Guideline range as 292 months to 360 months. The calculation reflects several harms particular to defendant's actions, including a series of sexual acts and his deception to coerce the victim to participate.

e. *Parity in Sentencing*

A sentence within the advisory USSG range should provide parity to sentencing similar conduct.

f. *Need for restitution*

18 U.S.C. § 2259 states that "the court shall order restitution for any offense under this chapter." This incorporates costs reasonably projected to be incurred in the future, including for future counseling of victims. *United States v. Laney*, 189 F.3d 954, 967 (9th Cir. 1999). This amount must be established with reasonable certainty and be well-supported. *Id.* However, this does not require mathematical precision, merely a well-supported claim. *United States v. Doe*, 488 F.3d 1154, 1160-1162 (9th Cir. 2007). In this case the United States is requesting restitution in an amount of $12,540 for two years of

U.S. v. Deliguin
4:21-cr-00024-RRB-SAO

7

counseling costs for the victim in this case.

Our Victim-Witness Coordinator reviewed six providers in Alaska who provide counseling services for victims of sexual abuse. Most providers have a range for their costs of service, which allows them to adjust rates for lower income patients. Using the low-end of these six providers the average cost was $170 per session, with an average of $300 for the initial assessment. One year of weekly counseling at this rate totals to $8,970.00.[1]

It is reasonable that a second year of counseling would be expected and the direct result of the defendant's sexual extortion of Victim-1. However, a second year could have counseling only every other week and would not require a new assessment. One year of bi-weekly counseling at $170 totals to $4,420.00. As a result the total requested restitution is $13,390.00.

This amount is reasonably foreseeable and calculated with reasonable certainty. The need for at least two years of counseling is a direct result of defendant's sexual exploitation of the victim and this restitution amount should be ordered as required by law. 18 U.S.C. § 2259, *see Laney*, 189 F.3d at 967.

V.    **Conclusion**

Based upon the sentencing factors in Title 18 U.S.C. § 3553(a), and as those factors are embraced through the Guidelines, a sentence of 330 months will best meet the ends of justice.

//

---

[1] 1 week at $300 + 51 weeks at $170

RESPECTFULLY SUBMITTED August 5, 2022, in Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

s/ G. Michael Ebell
G. MICHAEL EBELL
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2022,
a true and correct copy of the foregoing
was served electronically on the following:

Steve Wells

s/ G. Michael Ebell
Office of the U.S. Attorney

U.S. v. Deliguin
4:21-cr-00024-RRB-SAO

9